# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STMICROELECTRONICS, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:05CV44 |
| | § | (Judge Schell/Judge Bush) |
| SANDISK CORP. | § | |

## ORDER

Before the Court is Defendant's Motion to Transfer (Docket #23). Having considered motion, Plaintiff's response, and Defendant's reply, the Court is of the opinion that Defendant's Motion to Transfer should be denied.

This is a patent infringement case relating to "flash memory" chips and related products. Plaintiff, a Delaware corporation with its principal place of business in Carrollton, Texas accuses Defendant, a Delaware corporation with its principal place of business in Sunnyvale, California, of infringing U.S. Patent No. 4,592,802 ("'802 patent"), owned by Plaintiff.

The relationship between the parties began on April 16, 2004, when Plaintiff's vice president, Lisa Jorgenson, sent a letter to Defendant's CEO, Eli Harari, requesting a meeting to discuss the possibility of a broad cross-license agreement. Harari responded with a letter indicating that Defendant would need time to review the patents listed by Jorgenson, but would be in touch within a few weeks. After no meeting was scheduled, Jorgenson sent a second letter on July 12, 2004, reiterating her request for a meeting to begin licensing discussions. Defendant's chief intellectual property counsel responded and invited Jorgenson to attend a meeting on August 5, 2004 in California. On August

1

27, 2004, the parties met again in Texas. Negotiations continued through September and early October, and on October 15, 2004, Defendant filed an action against Plaintiff in the Northern District of California claiming infringement of one patent and seeking a declaration that fourteen of Plaintiff's patents were invalid and not infringed. The action was dismissed for lack of subject matter jurisdiction, which dismissal is currently being appealed by Defendant.

Plaintiff filed the present action on February 4, 2005, alleging infringement of the '802 patent. On the same day, Plaintiff filed suit in the Eastern District of Texas alleging infringement of six other patents, three of which were at issue in the previously mentioned California litigation. Defendant filed another action against Plaintiff in the Northern District of California on March 28, 2005, but the '802 patent is not at issue in that action. Defendant now moves the Court to transfer the present action to the Northern District of California.

When the selected venue for an action is proper, a motion to transfer venue from one district or division to another is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Action Indus., Inc. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.)*, cert. denied*, 124 S. Ct. 826 (2003); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001). The

purpose of this statute "is to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002).

Under § 1404(a), the movant has the burden of demonstrating that a change of venue is warranted.  See *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935 (1989); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Shoemake*, 233 F. Supp. 2d at 829; *LeDoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 837 (E.D. Tex. 2002); *Hanby*, 144 F. Supp. 2d at 676.  In order to prevail, the moving party must demonstrate that the balance of convenience and justice weighs heavily in favor of a transfer of venue.  See *Shoemake*, 233 F. Supp. 2d at 829; *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  Thus, the Court, when analyzing the merits of a 1404(a) motion, must determine if a transfer would make litigation of the case substantially more convenient for the parties.  See *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 928 (E.D. Tex. 1999).

The decision to grant or deny a motion to transfer is committed to the sound discretion of the district court.  See *Van Dusen,* 376 U.S. at 616; *Volkswagen*, 371 F.3d at 203; *Casarez*, 193 F.3d at 339; *Peteet*, 868 F.2d at 1436; *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *cert. denied*, 526 U.S. 1157 (1999); *Shoemake*, 233 F. Supp. 2d at 830; *LeDoux*, 218 F. Supp. 2d at 836.  "[T]he trial court must exercise its discretion in light of the particular circumstances of the case."  *Hanby*, 144 F. Supp. 2d at 676 (citing *Radio Santa Fe v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988));

*accord Shoemake*, 233 F. Supp. 2d at 829; *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999).

In applying the provisions of 1404(a), the Court must first examine whether the judicial district to which the transfer is sought would have been a district in which the claim could have been properly filed. *In re Horeshoe*, 337 F.3d at 433; *Volkswagon,* 371 F.3d at 203. The Court finds that, based upon the pleadings, the Northern District of California is an appropriate forum. Defendant, a Delaware corporation, has its principal place of business in Sunnyville, California, within the Northern District of California. *See* 28 U.S.C. §§ 1391(b)(1)&(c), 1400(b). Furthermore, it appears that the alleged infringing products were sold all around the country, including in the Northern District of California, thus rendering venue proper in that district. *See* 28 U.S.C. 1400(b).

If jurisdiction is proper in the district to which transfer is sought, the first step in a 1404(a) analysis is to determine which forum best caters to the convenience of the parties and witness. "The determination of convenience turns on a number of private and public interest factors, none of which are given dispositive weight." *Volkswagon*, 371 F.3d at 203 (citations omitted). "The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id.*

The first factor is the relative ease of access to sources of proof. Neither party seems to take serious issue with the location of documentary evidence, and while the

Court considers the location of documentary evidence in its analysis, the Court is more concerned with the location of key witnesses, as the relative convenience of the witnesses is often recognized as the most important factor to be considered when ruling on a motion under § 1404(a). *See Isbell v. DM Records, Inc.*, 2004 WL 1243153, at *14 (N.D. Tex. June 4, 2004); *LeDoux*, 218 F. Supp. 2d at 837. Defendant argues that many key witnesses are located in the Northern District of California. Defendant has provided the names of certain of its employee witnesses who may testify and briefly listed topics about which such employees are knowledgeable. Although the convenience of employee witnesses, whose attendance may be compelled by their employer, is entitled to less weight than the convenience of other witnesses, the Court gives the convenience of such witnesses its due consideration. *See AMS Staff Leasing v. Starving Students, Inc.*, 2003 WL 21436476, at *3 (N.D. Tex. June 18, 2003); *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1397 (S.D. Tex. 1992). Plaintiff has identified a number of witnesses located nearby in the Northern District of Texas, and both parties claim to have witnesses who will travel from other continents. Therefore, as to the issue of convenience of witnesses, the Court determines "it's a draw."

The Court next considers the availability of compulsory process to secure the attendance of non-party witnesses. Neither party has specifically identified non-party witnesses who will be called to testify. The Court thus considers this to be a neutral factor weighing in favor of neither venue.

As to the cost of attendance for willing witnesses, the Court does not envision this to be a factor weighing in favor of either party. Whether the case remains in the Eastern

District of Texas or is transferred to the Northern District of California, the Court realizes that one party's witnesses will be more significantly burdened than the other party's witnesses. As a transfer would merely result in a mere shifting of burdens, the Court finds this to be a neutral factor. *See Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 929-30 (E.D. Tex. 1999).

The Court also considers private factors such as the Plaintiff's choice of forum and the convenience of the parties. *See Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400 (E.D. Tex. 1986). While Plaintiff's choice of forum is no longer accorded the decisive weight that it enjoyed under *forum non conveniens*, the choice of forum is clearly a factor to be considered, though it is neither decisive nor determinative. *See Piper Aircraft Co. v. Reyno* 454 U.S. 235, 253-56; *Radio Santa Fe, Inc. v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988); *In re Horeshoe Entm't*, 337 F.3d at 434; *see Shoemake*, 233 F. Supp. 2d at 830-31. However, the Plaintiff's choice of forum is "given less weight when the Plaintiff brings suit outside its home district." *Isbell*, 2004 WL 1243153 at * 13; *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001).

While Plaintiff argues that its office is located within four miles of the Eastern District of Texas, the Court notes that its office is nonetheless located in the Northern District of Texas. The choice of forum would have been more persuasive if Plaintiff had chosen its home district, the Northern District of Texas. And while the Court acknowledges that the Eastern district is an appropriate venue, as alleged infringing products were sold here, the Court also notes that this factor is of reduced significance where, as here, the alleged infringing products were sold in virtually every district in the

country.

The Court finds the convenience of the parties to be a factor weighing in favor of neither venue. Whether the case is tried in California or Texas, one party will have to travel significant distances and pay for lodging and travel expenses. The Court will not transfer venue based upon a factor that will merely result in a shifting of burdens. *See Gardipee*, 49 F. Supp. 2d at 930.

"The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagon* 371 F.3d at 203. The first factor likely weighs in Plaintiff's favor. Statistics maintained by the Administrative Office of the United States Courts reflect that in 2004, there were 373 cases pending in the Eastern District of Texas per judgeship and 519 cases pending in the Northern District of California per judgeship. FEDERAL COURT MGMT. STATISTICS: DISTRICT COURTS (2004), *at http://www.uscourts.gov/cgi-bin/cmsd2004.pl.* Furthermore, the median time from filing to trial was seven months longer for civil cases in the Northern District of California than in the Eastern District of Texas. *Id.* Thus, despite the Eastern District of Texas' heavy criminal caseload, it is likely that the present controversy will be resolved more quickly in the Eastern District of Texas than in the Northern District of California.

The second public factor is the interest of the citizens of the district. Citizens of the Northern District of California have an interest in the resolution of this matter.

7

According to Defendant, all of the alleged infringing products were designed and developed within the Northern District of California or overseas. Plaintiff only alleges that certain products were marketed and sold in the Eastern District of Texas, but, as noted above, such argument is of reduced significance when the products at issue were marketed and sold in virtually every district nationwide. Furthermore, Plaintiff apparently has offices within the Northern District of California. As Plaintiff is not even a resident of the Eastern District of Texas, the Court finds that this factor weighs in Defendant's favor.

Under these facts, the Court considers the third and fourth public interest factors to be of little significance. Both forums are very familiar with federal law, and conflict of laws is simply not an issue.

In this instance, the Defendant struck first. However, its preemptive strike was thwarted by a finding that there was no justiciable controversy. Now the Plaintiff has filed suit. Defendant does not challenge Plaintiff's case or venue choice on a motion to dismiss, but on a discretionary motion to transfer. Although some factors weigh in favor of venue in the Northern District of California, Defendant has not met its heavy burden. Therefore, in consideration of the above listed factors, the Court is of the opinion that the case should remain in the Eastern District of Texas.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer is DENIED.

**SIGNED this 27th day of April, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE