**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| STMICROELECTRONICS, INC., <br><br>  Plaintiff. <br><br> v. <br><br> SANDISK CORPORATION <br><br>  Defendant. | CIVIL ACTION NO. 4:05-CV-44 <br> JUDGE RICHARD A. SCHELL <br> MAGISTRATE JUDGE DONALD D. BUSH <br><br> JURY TRIAL |

## MOTION TO STRIKE SANDISK CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT OR, IN THE ALTERNATIVE, INVALIDITY OF CLAIMS 1 AND 2 OF U.S. PATENT NO. 4,592,802

In spite of this Court's Second Amended Scheduling Order, which states that the parties may file only one motion for summary judgment, SanDisk filed two such motions, without first obtaining leave of this Court to do so. SanDisk's unilateral attempt to modify the scheduling order challenges the Court's ability to manage this case efficiently and economically, and, if successful, penalizes STI for following the rules. Because SanDisk has not shown — or even attempted to show — the good cause necessary to warrant a change in the Court's Scheduling Order, SanDisk's second-filed Motion for Summary Judgment of Noninfringement or, in the Alternative, Invalidity of Claims 1 and 2 of U.S. Patent No. 4,592,802 should be stricken.

### BACKGROUND

The Court has entered three scheduling orders in this case, each of which states: "Unless leave of court is first obtained, a party may file no more than one motion for summary

judgment."[1]  On February 15, 2006 — the deadline for filing dispositive motions and 9 months after the Court entered its first Scheduling Order— SanDisk submitted two summary-judgment motions to the Court:  (i) SanDisk's Motion for Summary Judgment Based on 35 U.S.C. §§ 287(A) and 287(B) and Laches, which was filed first; and (ii) SanDisk's Motion for Summary Judgment of Noninfringement or, in the Alternative, Invalidity of Claims 1 and 2 of U.S. Patent No. 4,592,802, which was filed second.[2]  SanDisk did not even seek, much less obtain, leave to file the second motion.

In addition to the Scheduling Order's prohibition against filing multiple summary-judgment motions without leave of Court, Local Rule CV-7(a)(1) states:  "Dispositive motions shall not exceed thirty pages, excluding attachments, unless leave of court is first obtained."[3]  By filing multiple summary-judgment motions, SanDisk has substantially exceeded this page limitation.  SanDisk's first motion has 26 pages, and its second motion has 29 (plus an appendix that includes over 600 pages of disputed expert testimony[4]), totaling 55 pages.

By contrast, STI — following the Second Amended Scheduling Order and Local Rules — timely filed a single motion for summary judgment, which did not exceed the 30-page limit.

### POINTS AND AUTHORITIES

SanDisk disregarded the Court's Second Amended Scheduling Order by filing a second motion for summary judgment without requesting that the Court modify its order.  While modification of a scheduling order lies within the Court's discretion, "[a] schedule ***shall not*** be

---

[1]  Scheduling Order ¶ 18 (May 10, 2006 [Docket No. 33]); Amended Scheduling Order ¶ 5 (Nov. 8, 2005 [Docket No. 85]); Second Amended Scheduling Order ¶ 4 (Feb. 1, 2006 [Docket No. 117]).

[2]  Docket Nos. 127-33.

[3]  L.R. CV-7(a)(1).

[4]  Indeed, STI's experts hotly contest the expert opinions that SanDisk relies on to support SanDisk's summary-judgment motion on noninfringement and invalidity.

modified except upon a ***showing of good cause*** and ***by leave*** of the district judge or, when authorized by local rule, by a magistrate judge."[5] SanDisk has not shown good cause to modify the order, nor has it obtained leave of Court.

Scheduling orders play an important role in managing litigation:

> A magistrate judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Scheduling orders have become increasingly critical to the district court's case management responsibilities because it is well known that we litigate these days under the burden of heavy caseloads and clogged calendars.[6]

Indeed, as SanDisk's counsel is well aware, the Court will not allow litigants to ignore its orders — "Parties are not free to disregard rules of procedure or orders of this Court that require leave to amend or supplement."[7]

The Eastern District has a longstanding policy of reducing expense and delay in civil cases by improving litigation management.[8] Courts implement this policy, in part, by imposing limits on motion practice.[9] In this case, for example, dispositive motions are limited to 30 pages, and the parties may file only one summary-judgment motion without seeking leave to file another.[10] SanDisk filed two summary-judgment motions, totaling nearly 60 pages, without seeking leave to do so. SanDisk's failure to comply with the Court's scheduling order — and, in effect, the local

---

[5] FED. R. CIV. P. 16(b) (emphasis added).

[6] *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 507, 510 (S.D. Iowa 1992).

[7] *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 853 (E.D. Tex. 2004). SanDisk's counsel unquestionably know the Court's position on this issue, since attorneys with Jones Day, including Mr. Leozino Agozzino, represented Motorola in this case.

[8] *See, e.g.*, United States District Court for the Eastern District of Texas, CIVIL JUSTICE EXPENSE AND DELAY REDUCTION PLAN, at Introduction (Adopted Dec. 20, 1991, Effective Dec. 31, 1991).

[9] *Id.*

[10] L.R. CV-7(a)(1); Second Amended Scheduling Order ¶ 4.

rule setting page limits on dispositive motions[11] — offends the Eastern District's policy of reducing expense and delay of litigation.

SanDisk's failure to respect the Court's order not only challenges the Court's ability to manage its docket, it also prejudices STI, which dutifully complied with the rules by limiting its summary-judgment briefing to a single motion of less than 30 pages.  As the United States District Court for the District of Maine has held, if parties were free to disregard court orders with impunity:

> The Court would lose all ability to meaningfully frame a trial docket, and free rein would be given to cunctators and manipulators, all to the detriment of judicial efficiency and at the expense of those who conscientiously perform their discovery and scheduling responsibilities and who rely on the Court's ability to fairly require that their adversaries do so as well.[12]

For the same reasons, SanDisk should not be allowed free rein to unilaterally disregard the court-ordered limitations on summary-judgment motions.

## CONCLUSION

Since SanDisk failed to seek leave to file a second motion for summary judgment, STI respectfully requests that the Court strike SanDisk's second-filed Motion for Summary Judgment of Noninfringement or, in the Alternative, Invalidity of Claims 1 and 2 of U.S. Patent No. 4,592,802.  STI also requests any further relief to which it may be entitled.

---

[11]  *See In re Sender v. Mann*, __ F. Supp. 2d __ (D. Colo. 2005) (slip copy, available as 2005 WL 3434737) (striking briefs in support of a summary-judgment motion because, when taken as a whole, they exceeded the page limitation set for dispositive motions).

[12]  *See Central Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 295, 298-99 (D. Me. 1987).

| Dated: February 21, 2006 | Respectfully submitted, |
|---|---|
| | /s/Bruce S. Sostek with permission Jane P. Brandt<br>Bruce S. Sostek<br>Attorney-in-Charge<br>  Texas Bar No. 18855700<br>bruce.sostek@tklaw.com<br>THOMPSON & KNIGHT LLP<br>1700 Pacific Avenue, Suite 3300<br>Dallas, Texas 75201–4693<br>214.969.1700<br>214.969.1751 (facsimile)<br><br>Jane Politz Brandt<br>  Texas Bar No. 02882090<br>jane.brandt@tklaw.com<br>THOMPSON & KNIGHT LLP<br>1700 Pacific Avenue, Suite 3300<br>Dallas, Texas 75201–4693<br>214.969.1700<br>214.969.1751 (facsimile)<br><br>James P. Bradley<br>  Texas Bar No. 02826000<br>jbradley@sidley.com<br>Steve Malin<br>  Texas Bar No. 12859750<br>smalin@sidley.com<br>SIDLEY AUSTIN BROWN & WOOD, LLP<br>717 North Harwood, Suite 3300<br>Dallas, Texas 75201<br>214.981.3300<br>214.981.3400 (facsimile)<br><br>Clyde M. Siebman<br>  Texas Bar No. 18341600<br>clydesiebman@texoma.net<br>Lawrence A. Phillips<br>  Texas Bar No. 15937755<br>shmdad@yahoo.com<br>SIEBMAN REYNOLDS BURG & PHILLIPS, LLP<br>300 N. Travis<br>Sherman, Texas 75090<br>903.870.0070<br>903.870.0066 (facsimile)<br><br>ATTORNEYS FOR STMICROELECTRONICS, INC. |

## CERTIFICATE OF SERVICE

On February 21, 2006, copies of this motion to strike were served in compliance with Local Rule CV-5(a) and have been served on all counsel who have consented to electronic service and all other counsel by regular mail.

/s/Jane P. Brandt
Jane Politz Brandt

## CERTIFICATE OF CONFERENCE

Counsel for STI has conferred with counsel for SanDisk in a good-faith attempt to resolve this matter without court intervention, and the matter is opposed.

/s/Jane P. Brandt
Jane Politz Brandt

1995496.1