**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STMICROELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-44 |
| | § | |
| SANDISK CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT**

Before the court is the Report and Recommendation of the United States Magistrate Judge [de #210] in this action. This matter was previously referred to United States Magistrate Judge Don D. Bush pursuant to 28 U.S.C. § 636. On June 22, 2006, the Magistrate Judge signed a Report and Recommendation containing his proposed findings of fact and recommendation that the Defendant's motion for summary judgment of noninfringement [de #127] be granted. Plaintiff filed objections on July 10, 2006, followed by Defendant's response to Plaintiff's objections, Plaintiff's reply and Defendant's sur-reply.

After considering the Report and Recommendation and making a *de novo* review of the objections raised by the Plaintiff, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the Plaintiff are without merit. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court, with the following further explanation.

United States Patent Number 4,592,802 describes a method of fabricating an aluminum

interconnection layer in an integrated circuit. The Plaintiff asserts that memory controllers found in the Defendant's products are manufactured using processes that infringe the claims of the '802 Patent. Those claims require "vertical anisotropic etching" to remove "conductive material". The court has construed "vertical anisotropic etching" to mean "etching which removes material significantly faster in the vertical direction than in the horizontal direction."

It is undisputed that the third party fabricators which the Defendant uses to manufacturer the accused controllers utilize a chemical mechanical polishing or planarization ("CMP") process to remove excess conductive material. It is also undisputed, based upon the parties' agreement in open court before the Magistrate Judge, that infringement depends upon whether the CMP process used by the third party fabricators constitutes vertical anisotropic etching. In response to the Defendant's motion for summary judgment, it is the Plaintiff's burden to present evidence that this CMP process, as performed specifically by the third party fabricators, satisfies the "vertical anisotropic etching" requirement of the '802 Patent or its equivalent.

In response to the motion, the Plaintiff relies upon the report and deposition testimony of its expert, Dr. Peter Gwozdz, for evidence that the CMP process used by the Defendant's fabricators satisfies the vertical anisotropic etching requirement of the '802 Patent claims. However, in his report, Dr. Gwozdz simply states that "CMP in a wafer fab is usually arranged as a vertical anisotropic etch, removing material significantly faster in the vertical direction than in the horizontal direction." Dr. Gwozdz does not state that the CMP process, as practiced by these third party fabricators, constitutes a vertical anisotropic etch. Other than Dr. Gwozdz's conclusory statement in his deposition that, generally, CMP is arranged as a vertical anisotropic etch, the Plaintiff offers no proof that the CMP process, as practiced by these third party fabricators, results in a vertical

anisotropic etch.[1]

For these reasons, the court agrees with and adopts the Report and Recommendation findings that the Plaintiff has failed to demonstrate the existence of a genuine issue of material fact on the central question of whether the accused process infringes either literally or under the doctrine of equivalents the claims of the '802 Patent.

Regarding the additional sworn declaration of the Plaintiff's expert, Dr. Gwozdz, submitted July 10, 2006, along with the Plaintiff's objections to the Magistrate Judge's Report and Recommendation, the court is not inclined to admit this late evidence in opposition to the motion for summary judgment. Because this evidence was available to the Plaintiff before it responded to the motion for summary judgment, and because the admission of additional evidence after the Magistrate Judge has made his ruling would frustrate the Magistrate Judge's important role in this case, the court will not consider the July 10, 2006 declaration.

It is therefore ORDERED that the Defendant's motion for summary judgment for noninfringement is GRANTED.

**SIGNED this the 12th day of January, 2007.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

[1]Expert opinions which are conclusory are insufficient to defeat a motion for summary judgment. *See Shaboon v. Duncan*, 252 F.3d 722, 736-37 (5th Cir. 2001); *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 225 (5th Cir. 1991); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).